# Commonwealth v. London

*Deborah L. Muzereus, assistant district attorney,* for Commonwealth.

*Vincent J. Quinn,* for defendant.

ASHWORTH, *J.,* December 19, 2008—Dorian D. London has filed an amended petition pursuant to the Post Conviction Relief Act (PCRA), 42 Pa.C.S. §§9541-46. For the reasons set forth below, the amended petition will be granted, petitioner's sentence will be vacated, and a new sentencing hearing scheduled.

## I. BACKGROUND

At the conclusion of a jury trial, petitioner Dorian D. London was found guilty of delivery of a controlled substance.[1] The basis for petitioner's conviction was a cocaine sale to a confidential informant (CI) operating under the direction of Trooper Jason J. Reed of the Pennsylvania State Police, Troop J, and Detective Roland William Breault of the Lancaster City Police Department on June 9, 2005. Petitioner filed a pretrial motion to compel production of (1) the identity of the CI who participated in the drug purchase and (2) the CI's prior criminal record. A hearing was held in chambers prior to the start of the trial at which time it was argued that the CI was the sole agent who established prior contacts with petitioner and was also the individual who initiated the transaction that formed the basis for this conviction. The Commonwealth countered there was no need to jeopardize the safety of the CI given the fact that there were two police officers who were eyewitnesses to the transaction.

Following this in-chambers hearing, I denied petitioner's motion to compel disclosure and the case proceeded to jury trial on March 5, 2007. (Notes of testi-

---

1. 35 Pa.C.S. §780-113(A)(30).

mony, trial (N.T.T.) at 37-39.) Petitioner was ultimately convicted of delivering two bags of cocaine. A presentence investigation report was ordered. On May 18, 2007, petitioner was sentenced to a mandatory minimum term of two to four years incarceration under the "drug-free school zones" provision and ordered to pay a mandatory fine of $1,000. Petitioner was represented at trial by the Public Defender's Office of Lancaster County, specifically, Andrew Spade, Esquire.

Petitioner did not file any post-sentence motions, but did file a timely appeal to the Superior Court of Pennsylvania.[2] On February 15, 2008, a three-judge panel of the Superior Court affirmed the judgment of sentence in an unpublished memorandum opinion. Petitioner was represented on direct appeal by the Public Defender's Office of Lancaster County, specifically, MaryJean Glick, Esquire.

On April 28, 2008, London, acting pro se, filed this timely[3] pro se petition for post-conviction collateral relief raising issues of ineffective assistance of trial counsel and violation of his constitutional rights by police entrapment. Pursuant to Rule 904(A) of the Pennsylvania Rules of Criminal Procedure, Vincent J. Quinn, Esquire, was

---

2. Petitioner filed a statement of matters complained of on appeal which set forth three bases for appeal: (1) the court erred in denying petitioner's motion to compel disclosure of the identity of the CI; (2) the court erred in declining to rule on the matter of entrapment as a matter of law; and (3) the court erred in denying petitioner's request that the jury be instructed on the Commonwealth's failure to call a witness, specifically, the CI.

3. We note that petitioner's PCRA petition was filed within one year of the date his judgment became final. As such, his petition was filed in a timely manner. 42 Pa.C.S. §9545(b).

appointed to represent London on his collateral claims. Attorney Quinn filed an amended petition on October 24, 2008, raising ineffective assistance of counsel for failing to litigate the imposition of the mandatory minimum sentence of two years incarceration pursuant to the provisions of 18 Pa.C.S. §6317(a)[4] in the absence of facts indicating that the delivery of the cocaine occurred within 1,000 feet of a school or within 250 feet of a recreation center or playground, and violation of petitioner's constitutional rights for the same reason. A timely response to the amended petition was received from the Commonwealth on November 18, 2008, in which the Commonwealth denied that an evidentiary

---

4. Section 6317 of the Crimes Code, entitled "Drug-free school zones," provides in pertinent part:

"(a) General rule.—A person 18 years of age or older who is convicted in any court of this Commonwealth of a violation of section 13(a)(14) or (30) of . . . The Controlled Substance, Drug, Device and Cosmetic Act, shall, if the delivery or possession with intent to deliver of the controlled substance occurred within 1,000 feet of the real property on which is located a public, private or parochial school or a college or university, or within 250 feet of the real property on which is located a recreation center or playground or on a school bus, be sentenced to a minimum sentence of at least two years of total confinement, notwithstanding any other provision of this title, The Controlled Substance, Drug, Device and Cosmetic Act or other statute to the contrary . . . .

"(b) Proof at sentencing.—The provisions of this section shall not be an element of the crime. Notice of the applicability of this section to the defendant shall not be required prior to conviction, but reasonable notice of the Commonwealth's intention to proceed under this section shall be provided after conviction and before sentencing. The applicability of this section shall be determined at sentencing. The court shall consider evidence presented at trial, shall afford the Commonwealth and the defendant an opportunity to present necessary additional evidence and shall determine by a preponderance of the evidence if this section is applicable." 18 Pa.C.S. §6317(a), (b).

hearing was necessary but conceded that a sentencing hearing needed to be scheduled so that proof of the applicable school zone could be placed on the record.

By order dated November 21, 2008, this court directed the parties to file briefs on the limited issue of whether the Commonwealth should be permitted to introduce evidence at the resentencing hearing with regard to the existence of a school zone for purposes of establishing a mandatory minimum sentence under 42 Pa.C.S. §6317. Briefs having been received from counsel, this matter is now ripe for disposition.

## II. FACTUAL HISTORY

On June 9, 2005, two officers, one working for the vice and narcotics unit of the Pennsylvania State Police as an undercover officer, and the other working with the selective enforcement unit of the Lancaster City Police Department, were conducting a "buy-walk" program in the City of Lancaster. This investigation was aimed at eliminating or reducing drug trafficking in problem areas of the city by identifying street-level drug dealers. In such an operation, the dealer is allowed to walk away from the buy. A warrant is subsequently obtained and the actual arrest is made weeks and sometimes months later. This protects the identity of the undercover officer and the CI, if one is being used. (N.T.T. at 63-64.)

On the day in question, at approximately 8 p.m., the undercover officer, Trooper Jason Reed, met with his CI.[5] The informant used Trooper Reed's cell phone to

_____

5. Trooper Reed had been working with this particular CI for approximately one year prior to this incident. (N.T.T. at 80.) In that time,

call petitioner to arrange a drug purchase. (N.T.T. at 83.) After finishing the call, the CI instructed Trooper Reed to drive to the parking lot of a Chinese restaurant in the 400 block of South Duke Street. Almost immediately after entering the parking lot, another vehicle pulled up beside Trooper Reed's vehicle. Petitioner was driving and an unidentified individual was in the passenger seat. The CI and petitioner engaged in conversation, during the course of which, the CI purchased two baggies of crack cocaine from petitioner for $40. After the transaction occurred, the CI told petitioner: "Remember, this is my boy, take care of him if you see him," and petitioner responded, "okay." (*Id.* at 86.) With that, Trooper Reed exited the restaurant parking lot and made contact with Detective Roland Breault, who was staked out in the immediate area monitoring the situation with high powered, low-light sensitive binoculars. Detective Breault took custody of the narcotics from Trooper Reed and put out a description of the dealer's vehicle and license plate over the radio.

Officer Donald Morant, another member of the City's Selective Enforcement Unit assigned to provide security for Trooper Reed during the controlled buy, recognized the description of the vehicle and the specific license number and suspected the dealer might be petitioner. He ran the plate through county dispatch and the registered owner of the vehicle came back as one "Dorian London." Officer Morant then ran petitioner's

---

this CI had participated in approximately 20 controlled buys. (*Id.* at 82.) By the time of petitioner's trial, March 5, 2007, this CI had conducted approximately 50 controlled buys and was still actively working with the state police. (*Id.* at 90.)

name through JNET[6] and received a driver's license photograph of petitioner later that evening. Trooper Reed positively identified petitioner from the photograph as the individual who had delivered the drugs earlier that evening. (N.T.T. at 88.) Officer Morant field tested the substance delivered by petitioner and it was positive for crack cocaine.

## III. ELIGIBILITY FOR PCRA RELIEF

A petitioner seeking relief pursuant to the PCRA is eligible only if he pleads and proves, by a preponderance of the evidence, that (1) he has been convicted of a crime under the laws of this Commonwealth and is currently serving a sentence of imprisonment, probation or parole for the crime, (2) his conviction has resulted from one or more of the enumerated errors or defects found in section 9543(a)(2) of the PCRA, (3) he has not waived or previously litigated the issues he raises, and (4) the failure to litigate the issue prior to and during trial, or on direct appeal could not have been the result of any rational, strategic, or tactical decision by counsel. 42 Pa.C.S. §9543(a)(2)-(4).

A petitioner has previously litigated an issue if (1) "the highest appellate court in which a petitioner could have had review as a matter of right has ruled on the merits of the issue," *Commonwealth v. Romero,* 595 Pa. 275,

---

6. Pennsylvania's Justice Network (JNET) is the Commonwealth's primary public safety and criminal justice information broker. JNET's integrated justice portal provides a common online environment for authorized users to access public safety and criminal justice information. This critical information comes from various contributing municipal, county, state, and federal agencies. See www.pajnet.state.pa.us.

287, 938 A.2d 362, 369 (2007), or (2) the issue has been raised and decided in a proceeding collaterally attacking the conviction or sentence. 42 Pa.C.S. §9544(a); *Commonwealth v. Jones,* 932 A.2d 179, 181 (Pa. Super. 2007). With respect to claims that have not been previously litigated, a petitioner must also demonstrate that the claims have not been waived. A petitioner has waived an issue if the petitioner could have raised the issue but failed to do so before trial, on appeal, or in a prior state post conviction proceeding. 42 Pa.C.S. §9544(b); *Jones,* 932 A.2d at 181. Waiver, however, will be excused under the PCRA if the petitioner can meet the conditions of section 9543(a)(3)(ii) or (iii)[7] or by making a showing of ineffective assistance of counsel.

## IV. DISCUSSION

After an exhaustive review of the record and zealous endeavor to uncover all possible issues for review, counsel for petitioner has raised just one issue with regard to the ineffective assistance of both trial and appellate counsel in this case.

In a collateral attack on the effectiveness of trial counsel, the courts presume counsel is effective. *Common-*

---

7. Section 9543(a)(3) provides:

"[T]hat the allegation of error has not been previously litigated and one of the following applies: . . . (ii) If the allegation of error has been waived, the alleged error has resulted in the conviction or affirmance of sentence of an innocent individual. (iii) If the allegation of error has been waived, the waiver of the allegation of error during pretrial, trial, post-trial or direct appeal proceedings does not constitute a state procedural default barring federal habeas corpus relief." 42 Pa.C.S. §9543(a)(3).

*wealth v. Hawkins,* 586 Pa. 366, 389, 894 A.2d 716, 730 (2006). To overcome this presumption, the petitioner must establish three factors:

"First, that the underlying claim has arguable merit. . . . Second, that counsel had no reasonable basis for his action or inaction. . . . In determining whether counsel's action was reasonable, we do not question whether there were other more logical courses of action which counsel could have pursued; rather, we must examine whether counsel's decisions had any reasonable basis. . . . Finally, 'Appellant must establish that he has been prejudiced by counsel's ineffectiveness; in order to meet this burden, he must show that "but for the act or omission in question, the outcome of the proceedings would have been different." ' . . . A claim of ineffectiveness may be denied by a showing that the petitioner's evidence fails to meet any of these prongs . . . ." *Commonwealth v. Washington,* 592 Pa. 698, 712, 927 A.2d 586, 594 (2007) (citing *Commonwealth v. Pierce,* 515 Pa. 153, 159, 527 A.2d 973, 975 (1987).

Moreover, "[i]n the context of a PCRA proceeding, [the petitioner] must establish that the ineffective assistance of counsel was of the type 'which, in the circumstances of the particular case, so undermined the truth-determining process that no reliable adjudication of guilt or innocence could have taken place.' 42 Pa.C.S. §9543(a)(2)(ii)." *Id.* at 712-13, 927 A.2d at 594.

Counsel for petitioner has challenged the effectiveness of both trial counsel and appellate counsel with respect to petitioner's sentence. In this case, the court imposed a mandatory minimum sentence of two years incarceration in this case pursuant to the provisions of 18 Pa.C.S.

§6317(a). There were, however, no facts developed either at the trial or at sentencing indicating that the drug delivery occurred within 1,000 feet of a school or within 250 feet of a recreation center or playground. Accordingly, there were no facts on the record justifying the court's imposition of the mandatory minimum sentence of two years incarceration.

Petitioner questions the statutory authority of the trial court to impose the mandatory minimum sentence of section 6317 without supporting evidence. Since section 6317 cannot be applied unless petitioner delivered drugs within 1,000 feet of a school or within 250 feet of a recreation center or playground, absent such evidence, petitioner's sentence is not within the legal parameters of that statute. Thus, petitioner's challenge to the application of the mandatory minimum sentence relates to the legality of his sentence. See *Commonwealth v. Bongiorno,* 905 A.2d 998 (Pa. Super. 2006) (mandatory minimum sentence under 18 Pa.C.S. §6317 improperly applied where Commonwealth did not establish that sale of drugs occurred in an area within 1,000 feet of a school or 250 feet of a playground). Thus, this claim is clearly cognizable under the PCRA given petitioner's assertion that both trial and appellate counsel were ineffective for agreeing that the mandatory minimum applied in the absence of evidence to support the sentence. See 42 Pa.C.S. §9543(a)(2).

Specifically, trial counsel neither objected to the imposition of the mandatory minimum sentence nor filed a post-sentence motion challenging the imposition of such sentence in light of the fact that there were no facts on the record justifying the mandatory minimum sentence

for a drug delivery in a school zone. During the direct appeal, appellate counsel did not challenge the legality of the imposition of the mandatory minimum sentence either. Counsel had no reasonable strategic basis for failing to litigate the erroneous imposition of the mandatory minimum sentence. Moreover, petitioner was clearly prejudiced since without the imposition of the mandatory minimum sentence he could have been sentenced to serve a lesser period of incarceration, as the standard range of the sentencing guidelines was 15 to 48 months.

Consequently, petitioner has established the ineffectiveness of previous counsel, both trial and appellate, and is entitled to post-conviction collateral relief. Petitioner's sentence must be vacated, and a new sentencing hearing scheduled.

The issue in this case, where the sentence must be vacated due to insufficient evidence supporting a mandatory minimum and the Defendant re-sentenced, then becomes whether the Commonwealth may introduce evidence on the "drug-free school zone" issue at the re-sentencing. The plain meaning of the statute bars the Commonwealth from introducing evidence at a re-sentencing which would require the court to impose the two-year mandatory minimum sentence. Section 6317(b) provides: "The applicability of this section shall be determined at sentencing." The Superior Court has specifically held that the Commonwealth is limited to presenting evidence at the initial sentencing hearing.

In *Commonwealth v. Kunkle,* 817 A.2d 498 (Pa. Super. 2003), the Superior Court held:

"Section 6317(b) of the Crimes Code states that '[t]he applicability of this section *shall* be determined at sentencing. The court shall consider evidence presented at trial, shall afford the Commonwealth and the defendant *an* opportunity to present necessary additional evidence and shall determine by a preponderance of the evidence if this section is applicable.' 18 Pa.C.S. §6317(b). (emphasis added) If the Commonwealth disputes the trial court's refusal to apply the mandatory minimum, section 6317 provides a statutory right of appeal; however, *section 6317 does not contemplate a second sentencing hearing where the Commonwealth failed to meet its burden at the first sentencing hearing.* See 18 Pa.C.S. §6317." *Id.* at 500. (emphasis added)

Based upon a review of the record in *Kunkle,* the Superior Court agreed with the trial court that "under section 6317, the Commonwealth must present its evidence supporting a mandatory sentence enhancement *at the original sentencing hearing.* . . . Accordingly, we conclude that where, as here, the Commonwealth fails to meet that burden, the sentencing court shall not apply the sentence enhancement, and the Commonwealth cannot circumvent the mandates of section 6317 by filing a motion for modification of sentence. See 18 Pa.C.S. §6317(b)." *Id.* (citation omitted; emphasis added)

Similarly, in the instant action, having failed to present its evidence supporting a mandatory sentence pursuant to section 6317 at the original sentencing hearing, the Commonwealth is precluded from doing so at a second sentencing hearing.[8]

---

8. The Commonwealth relies on *Commonwealth v. Wilson,* 594 Pa. 106, 934 A.2d 1191 (2007), in arguing that evidence regarding the

## V. CONCLUSION

Based upon the foregoing, petitioner's amended petition for post-conviction collateral relief will be granted, petitioner's sentence vacated and a new sentencing hearing held.

Accordingly, I enter the following:

## ORDER

And now, December 19, 2008, it is hereby ordered that Dorian D. London's amended Post Conviction Relief Act petition is granted and his judgment of sentence entered on May 18, 2007, is vacated. A new sentencing hearing is scheduled for January 5, 2009, at 9 a.m. in courtroom no. 12.

school zone mandatory can be introduced at a re-sentencing. The *Wilson* case is, however, inapposite in that it involved the "youth/school enhancement" provision found in the Sentencing Guidelines and not the mandatory minimum provisions of section 6317. *Id.* at 116-17, 934 A.2d at 1197. The Supreme Court acknowledged that the *Kunkle* case was not relevant to its analysis when it stated: "*Kunkle* relied upon the language of section 6317, which is inapplicable here." *Id.* at 117-18, 934 A.2d at 1198.